HARRY J. ZURN v. WILLIAM TETLOW.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued April 4, 1890—Decided April 14, 1890.

In an action to recover for personal injuries charged to the defendant's
negligence, the plaintiff's evidence showing that, being over fourteen
years of age, he was employed about a machine in the defendant's cot-
ton mill, not in itself dangerous when used with ordinary care, and that
previous to his injury at the machine he had received such instructions
as were necessary, there was nothing in the case to bring it within
Rummel v. Dilworth, 131 Pa. 509, and it was not error to enter judg-
ment of nonsuit.

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCH-
ELL, JJ.

No. 192 January Term 1890, Sup. Ct.; court below, No. 70
June Term 1887, C. P. No. 3.

On May 12, 1887, Harry J. Zurn, by his mother and next
friend, Mary Zurn, brought trespass for negligence against
William Tetlow. Issue.

At the trial on October 10, 1888, a verdict was rendered for
the plaintiff for $3,500. Subsequently, a rule for a new trial
was made absolute.

At the second trial on April 17, 1889, it was made to appear
that in August, 1886, the plaintiff, being then a little over
fourteen years of age, entered the defendants' cotton mill, as a
"spare hand," to learn the duties of a "creeler." At first he
received no wages, but when he left subsequently for want of
work he was receiving $3 per week. In October, 1886, he was
regularly employed as a creeler, at $4 per week. The duties
of a "creeler" were to wipe the "fly" or waste off the roller-
beam of the "mule" or "jenny." There was testimony tend-
ing to show that the employment was not dangerous. When
the time came to "wipe down," the creeler would signal the
spinner, who would throw off the belt, and stop the mule; but
the creelers were in the habit of wiping the beam when the
mule was in motion. About a week after the plaintiff last
went into the mill, when cleaning the roller-beam with his

hands, while the mule was in motion, his arm was caught by the centre band and badly fractured and mangled.

At the close of the plaintiff's case in chief, the defendant moved for a nonsuit.

By the court, FINLETTER, P. J.: This case was discussed in the court in banc, and we came to the conclusion that the machine itself was not dangerous, and therefore required no special instruction; that the machine, in the manner in which it was to be cleaned, was not of itself dangerous, if the person employed took ordinary care; and therefore, upon the whole case, we came to the conclusion that we would not be satisfied to sustain a verdict in this case upon the evidence; that, inasmuch as it was almost impossible to let a case of this kind go to a jury without a verdict being obtained, we have concluded to take the responsibility of entering a nonsuit. At the same time, we are conscious that the Supreme Court may say that there is evidence enough in this case to take it to the jury; and while we have to meet that question at some time, we might as well meet it now. I do not think, in any event, we could conscientiously sustain a verdict in this case. It would be continuously setting aside verdicts. The last witness said there is no danger if the boy looks at what he is doing. A minor is required to use his senses; he is required to look at the machine; he must look at it. This machine was not dangerous, and it could not be prevented,—there was no way, I suppose, really, of preventing a boy putting his fingers into it.

—A judgment of nonsuit, with leave, etc., having been entered, and a rule to show cause why the judgment should not be taken off afterwards discharged, the plaintiff took this appeal, assigning the entry of the judgment and the discharge of said rule for error.

*Mr. Thomas Diehl* (with him *Mr. Andrew McBride*), for the appellant.

Counsel cited: Penna. R. Co. v. Barnett, 59 Pa. 259; Johnson v. Bruner, 61 Pa. 58; McKee v. Bidwell, 74 Pa. 223; Phila. etc. R. Co. v. Keenan, 103 Pa. 126; Rummel v. Dilworth, 111 Pa. 343; s. c. 131 Pa. 509; Tissue v. Railroad Co., 112 Pa. 98; Hough v. Railway Co., 100 U. S. 217; Wood's M. & S., § 350; Coombs v. Cordage Co., 102 Mass. 572.

*Mr. John Dolman* (with him *Mr. M. J. O' Callaghan*), for the appellee.

Counsel cited: Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 276; Phila. etc. R. Co. v. Hughes, 119 Pa. 301; Rummel v. Dilworth, 111 Pa. 343; s. c. 131 Pa. 509; Allison Mfg. Co. v. McCormick, 118 Pa. 519; O'Keefe v. Thorn, 24 W. N. 379; Iron-Ship Building Works v. Nuttall, 119 Pa. 149; Nagle v. Railroad Co., 88 Pa. 35; Pittston Coal Co. v. McNulty, 120 Pa. 414; Schwenk v. Kehler, 122 Pa. 67.

PER CURIAM:

An examination of the evidence has not convinced us that there was any error in refusing to submit the case to the jury. There is nothing in the testimony that would have warranted them in finding that the injury complained of was the result of defendant's negligence. There was therefore no error in refusing to take off the judgment of nonsuit.

As remarked by the learned president of the Common Pleas, the machine itself was not dangerous, and therefore no special instructions, as to the manner of using it, were required; but, if it had been otherwise, the undisputed evidence shows that plaintiff had previously sought and received such instructions as were necessary to qualify him for the position of a " creeler."

There is nothing in the case that brings it within the principle recognized in Rummel v. Dilworth, 131 Pa. 509. If it had been submitted to the jury, and they had found in favor of the plaintiff, the court below would doubtless have felt constrained to set their verdict aside. That is the proper test of the correctness of a judgment of nonsuit.

Judgment affirmed.