## Tagg *v.* McGeorge et al., Executors, Appellants.

[Marked to be reported.]

*Negligence—Infants—Dangerous machinery—Master and servant.*

When young persons without experience are employed to work with dangerous machines it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use; if the employer neglects this duty, or if he gives improper instructions, he is responsible for the injury resulting from his neglect of duty. The employer is not liable if the young person has had experience from which knowledge of the danger may reasonably be presumed, and that discretion which prompts to care.

In an action by a boy thirteen years old to recover damages for injuries, suffered while attempting to clean a woolen mule while it was in motion, it appeared that the woolen mule was a dangerous piece of machinery even to adult workmen, and that it was highly dangerous to one attempting to clean it while running. The evidence was conflicting as to whether the boy had received any instructions from the foreman, or had by experience in any other way acquired a knowledge of the machine and the danger of attempting to clean it while running. *Held*, that the case was for the jury.

*Charge of court—Immaterial error.*

In such a case plaintiff presented a point which in effect requested the court to charge that, if the jury found the boy to be young and inexperienced, it was the duty of defendants to explain to him the danger. The answer was: "I affirm that point, also with the qualification, perhaps, that if he had that experience from any other source then it would not be necessary." In the general charge the court explicitly instructed the jury that, if the boy had knowledge of the dangerous character of the machine by information from others or by experience, he could not recover. *Held*, that the use of the word "perhaps" was not, under the circumstances, sufficient ground for reversing the judgment in favor of the plaintiff.

*Negligence—Hasty order to execute dangerous duty.*

Where a foreman orders a boy thirteen years old to hurry in his work of cleaning a dangerous machine in order that he might clean another machine which was ordinarily attended by another boy who was absent, and the boy is injured in the work, it is not improper for the court to charge that if the boy was not aware of the danger, and his will was subjected to that of the foreman, and he obeyed him because he thought the foreman knew better, or because he was afraid to disobey, the jury might find for the plaintiff.

Argued Feb. 8, 1893.  Appeal, No. 121, July T., 1891, by defendants, William McGeorge, Jr., et al., executors of Robert Kent, deceased, from judgment of C. P. Delaware Co., March T., 1889, No. 36, on verdict for plaintiff, William F. Tagg, by his next friend.  Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries caused by defendants' negligence.

At the trial, before CLAYTON, P. J:, the facts appeared as stated in the opinion of the Supreme Court.

The court charged in part as follows :

" [It is only necessary for the employer to give instructions as to the dangerous nature of the machine when the employee is a child of tender years and is inexperienced and has no knowledge of the danger of the employment into which he is entering.  When such circumstances arise, then, and not until then, the law makes it the duty of the employer to instruct the minor, and teach him that the work in which he wishes to employ him is dangerous, and that the machine must not be cleaned when running (if you apply it to this case).  That it is a dangerous machine when running there is no doubt. Common sense ought to tell anyone of us it is dangerous to clean a machine of that kind while it is running. . . .

" We will take up the father's case first.  You will remember that it was the father, an adult man, who put his children at this dangerous employment.  The father brought the two boys there and made arrangements with one of the defendants for the employment of his two sons. . . .

" I therefore instruct you, gentlemen, that, so far as the father is concerned, he cannot recover.  He took the risk of injury to his sons when he put them in that dangerous employment,

for, if he didn't know, the law presumes that he ought to have known, that it was dangerous employment for a child of thirteen. If, however, the father supposed his son was sufficiently instructed to put him to work, still he cannot recover, for the fact that the boy was sufficiently instructed would answer the allegation of negligence on the part of the defendants not instructing him. So, if you find that this boy was instructed in the dangerous nature of this machine, he cannot recover. Unless perhaps his will was subdued or his discretion subjected to the will and command of his boss, and that question I will come to presently. They will be the only two questions in the case. . . .

" The rule of law between adults applies to him, ' that where one undertakes a dangerous employment, he takes all the risk of accident from the machine he undertakes to operate,' and the father of the child having entered into an agreement with the defendants for the employment of his son in the working of the machinery, which he knew, or ought to have known was dangerous, bars him from recovery. . . .

" Now, if he knew it was dangerous to attempt to clean that machine while it was in motion, then he cannot recover; if he did not know it, then the defendant had been negligent by employing a boy without experience, and without giving him full instructions, before putting him to that dangerous work, of the dangerous nature of the employment."] [1]

Plaintiff's points were among others as follows :

" 2. When a mill owner undertakes to employ young children to work about dangerous machinery and to do work that without care and caution is likely to result in injury to them, it is his duty not only to warn them of the danger but also to fully explain or cause to be explained to them the hazard and dangers connected with the business, and of instructing them how to avoid such danger. If therefore the jury find that William Tagg was young and inexperienced in working about this machinery in question, it was the duty of the defendants to see that the danger of cleaning the machine while running was fully explained to him, and, if they find that the injury was due to the failure to make him fully aware of the danger of attempting to clean the machine whilst in motion, the verdict should be for the plaintiff. *Answer :* I affirm that point, gentle-

men, also with the qualification perhaps that, if he had that experience from any other source, then it would not be necessary." [2]

" 4. If the jury find that Chas. Chadwick, the foreman, told the plaintiff, William Tagg, that he had only three quarters of an hour to clean after the mill was stopped and that he would have to do what he could while the mill was running, and failed to fully inform him as to the danger of attempting to clean while the mill was running, and the injury happened to him by an attempt to carry out the order of the foreman, the verdict should be for the plaintiff. *Answer :* I affirm this, gentlemen, providing you find the plaintiff was not aware of the danger, or, if unaware, his will was subjected to that of the foreman, and that he obeyed him, either because he thought the foreman knew better than he, or he was afraid to disobey. Now I have said to you all I wish to say about the conflicting testimony between them on that subject." [3]

" 5. If the jury find that on the day of the injury the foreman of the room took from the plaintiff his assistant Towers and told the plaintiff he would have to hurry up and get his cleaning done as he would have to do his and Towers' also, and that the injury resulted in attempting to carry out the order by the foreman, the verdict should be for the plaintiff. *Answer :* Now, gentlemen, I give you virtually the same answer that I gave to the previous point. Unless you find the plaintiff was ignorant of the danger or his will was subjected to the will of the foreman, I would negative this point, but if you find he was ignorant, or had not been instructed either by experience or otherwise, or that he was afraid to disobey the foreman's orders, or the will of the foreman was such as to subject the will of the plaintiff to the will of the foreman, I would say that this point ought to be negatived, but if it had not such an effect, it ought to be affirmed." [4]

" 6. If the jury find that Wm. Tagg was under fourteen years of age and inexperienced in the work he was put to do, and that the defendants by themselves or their foreman failed to give him information and explanation of the dangers of attempting to clean the machinery whilst in motion, and that the injury happened whilst he was engaged either under the direction expressed or implied of the foreman, the verdict should be

for the plaintiff. *Answer:* Gentlemen, I cannot affirm any implied orders of the foreman, you must find in order to relieve the plaintiff from the effect of his own negligence that he was inexperienced or uninstructed, and that he acted under the direction of the foreman, and that his own will or his own judgment was subjected to the will of the foreman, either from fear of disobeying him or trusting to his greater knowledge and experience. Now, I have repeated that so often, that it will not be necessary to repeat it again." [5]

Defendant's points were among others as follows:

5. Request for binding instruction. Refused. [6]

" 7. If this injury was caused by the negligence of Charles Chadwick, the plaintiffs are not entitled to recover, they being fellow workmen. *Answer:* That is also a general rule of law, that where several persons are engaged to work under the same master and in the same employment, and one of them is negligent and thereby causes injury to another, the master is not responsible, but I hold under all the circumstances of this case that if you find that Mr. Chadwick did give that order to the boy, or did tell him to clean that machine while it was running and that the boy obeyed him, either from fear of the consequence of disobeying, or because he thought the boss knew more than he did, or his discretion was in any way interfered with by that order, then I hold that the boy may recover. It is the law and the Messrs. Kent will have to answer for it.

" It seems to me that the jury may harmonize all that Mr. Chadwick says consistently with what the plaintiff says, but if he did say it (and that is for the jury) I charge you that the plaintiff is entitled to recover." [7]

Verdict and judgment for plaintiff for $1,200. Defendants appealed.

*Errors assigned* were (1-7) instructions, quoting them.

*Isaac Johnson,* for appellants.—An employee in accepting a service, the dangers of which are apparent and from which he may receive an injury, assumes the risks incident to that employment, and if he has knowledge of the danger, or sufficient understanding to appreciate it, the fact that he is a minor does not alter the rule.

The danger was as obvious to the boy as it would have been to an adult, and he was old enough to appreciate it. If so, he can claim no immunity by reason of his age: O'Keefe v. Thorn, 24 W. N. 379 [s. c. 2 Mona. 73]; Zurn v. Tetlow, 134 Pa. 213.

In Rummel v. Dilworth, 131 Pa. 509, a lad seventeen years old was employed as a " drag down " with very little acquaintance with the business. He went to work on Tuesday and was hurt on the next Friday, while performing the duties of a " roller." In the case before us Tagg was familiar with the machinery and was hurt while engaged in the work.

Throughout the charge and in the answers to points, the court below held out the idea that this was a dangerous machine and this a dangerous employment. This did us harm and the jury were led to believe that it was a very dangerous employment in the opinion of the court.

The court should have said, without qualification, that if he had experience from any source it would be enough, and the use of " perhaps " was calculated to lead the jury to believe that the experience should have been acquired at the Kents and nowhere else.

There is nothing in the case that warrants the suggestion that the boy's will was subjected to the will of the foreman as suggested by the court.

*V. Gilpin Robinson, Ray W. Jones* with him, for appellee.— There is no similarity between the case of Zurn v. Tutlow and the present. There the plaintiff was between fourteen and fifteen years of age (the age of discretion), the work was not dangerous, the plaintiff had received such instructions as were necessary, he had been ordered to do the thing which resulted in the injury, he had not been hurried, and the work was not being done short-handed. The same remarks apply with equal force to the case of O'Keefe v. Thorn, 24 W. N. 379.

A minor of this age is not responsible for negligence: West Phila. Pass. Ry. v. Gallagher, 108 Pa. 528; Nagle v. R. R., 88 Pa. 35; Crissey v. Hestonville Pass. Ry., 75 Pa. 86.

We cannot assume that this boy willfully and recklessly maimed himself. This court has gone so far as to say that the instinct of preservation from injury is an element to be consid-

ered in questions of negligence: Allen v. Willard, 57 Pa. 380;
Pa. R. R. v. Weiss, 87 Pa. 447; act of May 20, 1889.

The employment was dangerous, and the danger was not apparent. The plaintiff had had no experience, and was not answerable.

A master who employs servants in a dangerous and complicated business is personally bound to prescribe rules sufficient for its orderly and safe management: Shearman and Redfield on Negligence, 202; Hayden v. Smithville Manfg. Co., 29 Conn. 548; Wharton, Neg., 2d ed. 216; Wood on Negligence, 2d ed. 349; Cooley on Torts, 2d ed. 652.

The servant's primary duty is obedience, and, if in the discharge of that duty he is injured through the neglect of the master, he is entitled to. compensation: Ryan v. R. R., 23 Pa. 387; Robertson v. Cornelson, 34 Fed. R. 716; Lee v. Woolsey, 109 Pa. 124; Kehler v. Schwenk, 151 Pa. 519.

Where the failure to employ a sufficient number of servants to perform a particular work in a safe manner is the cause of an injury, the master is liable: Shearman and Redfield on Negligence, 193; Dowling v. Allen, 41 Am. R. 298; Grizzle v. Frost, 3 F. & Fin. 622.

OPINION BY MR. JUSTICE DEAN, May 22, 1893:

William F. Tagg, a boy past thirteen years of age, was employed by defendants in their woolen mill at Darby, Delaware county. He went to work with the consent of, and by contract with, his father, who worked in the same mill; the boy commenced on October 10, 1887, piecing at what is known as a woolen mule; his wages were fixed at two dollars ($2.00) per week; the usual wages of a piecer are about six dollars ($6.00). There was evidence tending to show that Henry T. Kent, one of defendants, made the contract for employment, and then put the boy in charge of Charles Chadwick, who had been foreman in the mill for many years; under his directions and control he remained as a piecer at the mule up until the 31st of December, 1887. About twelve o'clock of that day, while cleaning the machine with waste, it being then running, the waste caught in the wheels, his hand was drawn in, and so completely crushed that amputation was necessary.

The plaintiff then brought suit to recover damages, averring

negligence on part of defendants which resulted in the injury: (1) In putting a young and inexperienced boy to work at dangerous machinery without explaining to him its character, or warning him of its danger. (2) In directing him by the foreman, Chadwick, to hurriedly clean the machine while it was running, without informing him of the peculiar danger incident to such work.

The law applicable to the issue is well settled. In the text-books, and with rare exceptions in all the adjudicated cases, the rule laid down in substance is: When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use; if the employer neglects this duty, or if he give improper instructions, he is responsible for the injury resulting from his neglect of duty.

He is not answerable for injury to adults; nor for injuries to young persons who have had that experience from which knowledge of danger may reasonably be presumed, and that discretion which prompts to care.

The cases cited by counsel for appellant are not in conflict with this rule. In Zurn v. Tetlow, 134 Pa. 213, the boy was between fourteen and fifteen, and had received such instructions from the foreman as were necessary to the nature of his employment. In O'Keefe v. Thorn, 24 W. N. 379, the boy was over fourteen; he was employed to shove tin plates under a stamping machine, and was injured by thrusting his hand under the stamp; the machine was not dangerous; the consequence of putting the hand under the stamp was as obvious to a boy of fourteen as to a man of forty.

There has been no departure by this court from the law so clearly and concisely stated by our brother WILLIAMS in Rummell v. Dilworth, 131 Pa. 509: "In the case of young persons it is the duty of the employer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate and to which they should not be exposed. The duty in such cases to warn and instruct grows naturally out of the ignorance and inexperience of the employee, and it does not extend to those who are of mature years and who are familiar with the employment and its risks."

This was the law, as stated in terms that could not be misunderstood by the court below to the jury. There was evidence tending to show that the woolen mule was a dangerous piece of machinery even to the adult workman, and that it was highly dangerous to one attempting to clean it while running. As to whether the boy had received any instructions from the foreman, or had by experience or in any other way acquired a knowledge of the machine and the danger of attempting to clean it while running, there was conflicting evidence. It was of that character that the jury alone could determine the truth, and it was with proper instructions submitted to them. They were told explicitly, more than once, that if the boy, by instructions and warning from the foreman, or by information from others, or by experience while tending the machine, had knowledge of its dangerous character, there could be no recovery.

Complaint is made of the answer of the court to plaintiffs' second point, because of the use of the word "perhaps." The point, in effect, requested the court to say that, if the jury found the boy to be young and inexperienced, it was the duty of defendants to explain to him the danger. The answer was: —" I affirm that point, gentlemen, also with the qualification, perhaps, that if he had that experience from any other source, then it would not be necessary." It is argued, that the direction should have been positive and peremptory, that if he had the experience, no matter where obtained, instructions and warning on part of the foreman were immaterial, and there could be no recovery. Picking out this single word, and assuming that plaintiffs' second point embraced all the instructions upon that subject to the jury, it is liable to the charge of error. But, taking this answer in connection with what was said in other portions of the charge, there was no room for misunderstanding on part of the jury. In the body of the charge this pointed language is used:

"You are first to find whether this boy had knowledge, either by previous experience either at Wolfenden's or any other place, or by knowledge obtained while he was operating this machine after running it two or three months, that it was dangerous. Now if he knew it was dangerous to attempt to clean that machine while it was in operation, then he cannot

recover." This same positive instruction, in substantially the same language, was given three times in the general charge, and the same idea or thought is expressed in five of the nine answers to plaintiffs' points. In view of this oft repeated correct statement of the law, we must assume that the jury could not have been misled by a single inadvertent use of a word which did not express correctly the meaning of the court.

So far as concerns the general rule applicable to employers and young and inexperienced employees, the law was plainly and correctly stated to the jury; the contradictory evidence was impartially submitted to them that they might find whether it was a fact that the employment, cleaning a running machine of this character, was dangerous; whether the boy was ignorant and inexperienced, and whether the employer had failed in duty in not instructing or warning him. This disposes of appellants' 1st, 2d, 3d, 6th and 7th assignments of error; no one of them is sustained.

The 4th and 5th assignments are to the answers of the court to plaintiffs' 4th and 5th points. There was evidence on part of the plaintiff tending to show that another boy named Tower at another machine, just before the accident, had been taken away, and that the foreman Chadwick said to Tagg, "Hurry up, now, for when you get done cleaning yours you have to do Tower's afterwards." It was argued that here was an exacting master urging a young boy to the hurried performance of dangerous work, cleaning a machine while in motion, and imposing on him a double duty; if the boy obeyed the command of the master, necessarily the danger was largely increased by a hurried and excited performance of the work. If the evidence satisfied the jury these facts had been proven, then the plaintiffs asked the court to further instruct the jury that, if the injury happened in the effort of the boy to obey the unreasonable command of the master, their verdict should be for the plaintiff. The court, in answer to the request, said that if the boy was not aware of the danger, and, his will being subject to that of the foreman, he obeyed him because he thought the foreman knew better, or because he was afraid to disobey, then they should find for the plaintiff.

This instruction was exactly in accord with the law as held by this court in Lee v. Woolsey, 109 Pa. 124; and Kehler v.

Schwenk, 151 Pa. 519. In the case first cited, an adult employee was called upon by the master to execute in haste a dangerous duty, and it was said he could not be supposed to remember at the moment a danger of which he may have had previous knowledge. It would be unreasonable to demand of him the same care which would be expected in cooler moments, or in a more deliberate performance of the task. In Kehler v. Schwenk, the case of a boy over fourteen, in an opinion by our brother GREEN, we said: " He could not be expected to have the will power of a full grown man in resisting his master's orders. He cannot be held, therefore, as one who voluntarily engages in a dangerous service, especially by a master who specifically directed him to do the hazardous work."

Therefore, finding nothing of merit in any of the assignments of error, the judgment is affirmed and appeal dismissed at costs of appellants.