# Welsh *v.* Butz, Appellant.

202      59
209    ¹ 10
202      59
211    ¹139
202      59
30 SC ¹258
202
224    ¹402

*Negligence—Master and servant—Instructions as to dangerous machine.*
The law imposes upon the master the duty of giving proper instructions to a young and inexperienced servant employed about a dangerous machine, and these instructions must be sufficient to enable a person of his youth and inexperience to perform his duty with safety. They may include information as to the manner in which the service may be safely performed; the risk incident to it and how it may be avoided; as well as an admonition against the dangers of carelessness. When an injury is sustained by a neglect of this duty the master is responsible.

The knowledge of an employee that a machine is dangerous does not relieve the employer of the duty of instruction. It is only when the experience of the employee has been sufficient to give him the knowledge he would have acquired from proper instructions by the employer, that no negligence can be imputed to the employer for not giving such instructions.

If there be two modes in which a duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as a matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service. Much less can this be declared as matter of law where the young and inexperienced servant has no reason to infer from what he can see that there is a choice of methods.

In an action by a girl thirteen years old against her employer to recover damages for personal injuries sustained while working at a cork machine, the case is for the jury where the evidence for the plaintiff, although contradicted, in many material matters, tends to show that the machine at which she worked was a dangerous one; that she had worked only seven days, prior to the day on which she was injured; that she was wholly inexperienced in such work; that she practically received no instructions as to the manner of using the machine, or the dangers to which she was exposed in using it, or how to avoid such dangers; and that the plaintiff had by the direction of the defendant's foreman at the time of the accident attempted to take out with her hand a piece of cork from the machine, when the safe way was to blow it out.

Argued Jan. 22, 1902. Appeal, No. 58, Jan. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 1384, on verdict for plaintiff, in case of John Welsh and Mary Welsh by her father and next friend, John Welsh, v. Alfred L. Butz. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCarthy, J.

The facts are fully stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff, Mary Welsh, for $3,000; verdict for John Welsh for $1,200, upon which judgment was entered for $600, all above that amount having been remitted.

*Error assigned* was in submitting the case to the jury.

*M. Z. Paul*, with him *Crawford & Loughlin*, for appellants.— So far as the machine is concerned, it comes within the line of cases which holds that no extra instructions are necessary even to an infant. So even supposing the evidence given by the plaintiff as to her instructions was true and it was all she received, inasmuch as they were such as to enable her to run the machine sixteen days safely and do her work well, the instructions she received were all that were necessary. For this there is ample law: O'Keefe v. Thorn, 24 W. N. C. 379; Zurn v. Tetlow, 134 Pa. 213; Rummel v. Dilworth, 131 Pa. 509; Carrington v. Mueller, 47 Atl. Repr. 564; Wallace v. New York, etc., R. R. Co., 165 Mass. 236; 42 N. E. Repr. 1125; Silvia v. Sagamore Mfg. Co., 9 Am. Neg. Rep. 306; King v. Colon Twp., 9 Am. Neg. Rep. 311; Fitzhenry v. Consolidated Traction Co., 8 Am. Neg. Rep. 288; Bessey v. Newichawanick, 8 Am. Neg. Rep. 43; Roberts v. Porter Mfg. Co., 7 Am. Neg. Rep. 522; Buttle v. Page Box Co., 7 Am. Neg. Rep. 268.

*A. S. L. Shields*, for appellees.—There was no error in refusing to affirm the appellant's eighth point, which was, "under all the evidence the verdict must be for the defendant;" because, in the first place, there was ample evidence of negligence on the part of the appellant to take the case to the jury; in the second place, there was no evidence from which it could be inferred as matter of law that the appellees were guilty of contributory negligence; and in the third place, the evidence adduced on behalf of both parties was conflicting and irreconcilable: Lebbering v. Struthers, 157 Pa. 312; Glase v. Philadelphia, 169 Pa. 488; Tagg v. McGeorge, 155 Pa. 368; Skelley v. Crutchfield, 17 Pa. Superior Ct. 198; Waters v. Burgess, 14 Atl. Repr. 398; Kaufhold v. Arnold, 163 Pa. 269; Wilkins v.

Boyce, 3 Watts, 39; Inman v. Kutz, 10 Watts, 90; Klein v. Franklin Ins. Co., 13 Pa. 247.

OPINION BY MR. JUSTICE MESTREZAT, March 3, 1902:

This is an action of trespass to recover damages for personal injuries which Mary Welsh, the minor daughter of John Welsh, sustained by reason of the alleged negligence of Alfred L. Butz, the defendant.

In June, 1897, Mary Welsh, then about thirteen years and seven months old, was employed by the defendant in his cork factory in the city of Philadelphia. She was engaged in operating a cork cutting machine which shaves rough cork into the form of bottle cork. This machine, as it appears, consists of a circular knife attached to a perpendicular axis. Around the edge of the knife is a brass guard for the protection of the operator. There is also a guard over the top of the machine, and one in front of the operator. The cork is placed on a lever by the operator and taken into the machine, where it is seized by a device known as the " grippers " and carried to the knife to be tapered. The knife is not visible to one sitting in front of the machine where the operator is obliged to sit.

On the day of the accident and, as the girl testifies, seven days after she began to work at the factory, she was injured by the machine she was operating. She states what occurred at the time as follows: " Q. Will you describe to the court and jury what happened on the day you were injured, the seventh day you were there? A. The foreman was sharpening the knife of the machine with a file, and he was going along from one machine to the other, and he says to me, ' Take out that shaving of a cork in the machine,' and I put my hand in as he told me, and I did not get it out till it was cut. Q. What did the foreman tell you to do? A. He told me to put my hand in the machine and take out the shavings of the cork out of the machine. Q. And gave you no instructions about the danger of it? A. No, sir. Q. Did not give any warning? A. No, sir. . . . . Q. How was it that he told you to put your hand in and he was away at the other end of the room at the same time? A. When he told me to put my hand in the machine he was standing aside of my machine, and he was going up sharpening each machine as he went along, or what he was doing, I couldn't

say, but he was standing aside of me when he told me. Q. How long after he told you that did you take out the shaving? A. As soon as ever I could. I did not like to take it out right away. I was kind of afraid, and again I thought as long as he had told me that it wouldn't do any harm, and I put my hand down and I did not get it out until it was cut." She further testified that she had had no experience with and knew nothing about the machine, nor of the dangers of operating it nor of the knife or its location, and that the only instructions she received occupied about one or two minutes and consisted of the defendant's foreman showing her how to put the cork in the machine.

The plaintiff claims that the machine was dangerous and that it was the duty of the defendant to give full and complete instructions to the person employed to operate it. On cross-examination, the defendant's foreman testified, inter alia, as follows: "Q. She could see a cog wheel, it is not hidden, but if a child, uninstructed, was to put her hands on either side of this guard of this machine it would be dangerous? A. Uninstructed, yes. . . . Q. What is your purpose in instructing them, other than to see the work done right? A. To have the work done right and to keep their fingers out of places where they ought not to go. . . . Q. Don't you regard this as a machine that requires instruction? A. I regard this as a machine about which there would have to be some instruction given a child. That is done in all factories; not only in cork factories but all."

The defendant claimed that the girl had been employed for at least two weeks when she was injured. His foreman testified that before she went to work he gave her full and adequate instructions as to the machine, how to operate it and the danger in operating it. He also says that he cautioned her to be careful about her work and told her that she must not put her hand in the machine; that if a cork got in the machine, she should not attempt to take it out with her fingers but should blow it out. The foreman denied that he had told the girl to put her hand in and take a shaving out of the machine. The learned trial judge in commenting on the foreman's testimony said to the jury that if they believed his testimony, the instructions were adequate and if the girl had obeyed them she would not have been injured by the knife.

The court submitted the case to the jury and charged that if they believed that the girl received no proper instructions from the defendant in the use of the machine and that she had used proper care, the plaintiffs were entitled to a verdict; but if they found from the testimony that she did receive proper instructions, then neither she nor her father could recover, and the verdict should be for the defendant. A verdict was returned for the plaintiffs. The defendant appeals. He has filed four assignments of error, only the first and third of which need any special consideration. The third assignment alleges error by the court in declining to affirm defendant's point for charge that, "Under all the evidence, the verdict must be for the defendant."

The trial judge was right in refusing this point. The evidence clearly established the fact that the girl was employed to operate a dangerous machine. Her testimony shows that she had worked only seven days prior to the day on which she was injured, that she was wholly inexperienced in such work, and that she practically received no instructions as to the manner of using the machine, or the dangers to which she was exposed in using it, or how to avoid such dangers. If her story was true—and that was for the jury—the defendant grossly failed in his duty in not giving proper instructions to the girl, and if his neglect of duty in this respect occasioned her injuries, he is responsible in this action. The testimony of the plaintiff, however, was denied by the defendant, whose evidence tended to show that ample and sufficient instructions had been given the girl before and after she entered upon her duties. Had the jury believed this testimony, the allegation of negligence would not have been sustained. This was the only ground for the charge of negligence against the defendant; and whether or not it was sustained under the evidence in the case was a question for the jury.

The defendant contends that as the girl had been properly instructed in the use of the machine her injuries were the result of her own carelessness, and were not occasioned by his failure to instruct her. This was a question of fact which the learned judge submitted to the jury, and charged the jury that if the girl had received proper instructions and was injured

by her own carelessness, the plaintiffs could not recover and the verdict should be for the defendant.

The law imposes upon the master the duty of giving proper instructions to a young and inexperienced servant employed about a dangerous machine, and these instructions must be sufficient to enable a person of his youth and inexperience to perform his duty with safety. They may include information as to the manner in which the service may be safely performed; the risks incident to it and how they may be avoided; as well as an admonition against the dangers of carelessness. When an injury is sustained by a neglect of this duty, the master is responsible. In Tagg v. McGeorge, 155 Pa. 375, our Brother DEAN states the rule in such cases as follows: "When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use; if the employer neglects this duty, or if he give improper instructions, he is responsible for the injury resulting from his neglect of duty."

The complaint in the first assignment is that the court erred in refusing to charge, as requested in the defendant's fifth point, that, "If the jury find that this girl had sufficient experience in running this machine, from which a knowledge of the danger might be reasonably assumed, she cannot recover, and the verdict must be for the defendant." This prayer for instructions overlooks the fact that to relieve the defendant from his duty to instruct an inexperienced youth engaged to work about a dangerous machine, it is not sufficient for the employee to know that the machine is dangerous; it must also appear that he appreciated the danger and knew the means of escaping it. The machine undoubtedly was dangerous to a person inexperienced in its use, but such knowledge, if the girl possessed it, did not relieve the defendant of his duty to instruct her how to operate the machine so as to avoid the dangers incident thereto. If her experience had been sufficient to give her the knowledge she would have acquired from proper instructions by the defendant, then there would have been no necessity for such instructions, and no negligence could be imputed to the defendant for not giving them. Unless, however, her experience went to that extent, it did not relieve the defendant from the imposed obliga-

tion to instruct the girl as to her duties and the danger in operating the machine. " It might then be said," says RICE, P. J., in Royer v. Tinkler, 16 Pa. Superior Ct. 460, " that as she had worked at the machine for a week or more, she had as full knowledge of the danger and of her duty to be cautious as if she had been specially warned ; but although a servant be as fully conscious of a danger incident to the discharge of a duty in a particular way as if he had been expressly warned of it, it does not necessarily follow that his employer is relieved of the duty to instruct him further. There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as a matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service. Much less can this be declared as matter of law where the young and inexperienced servant has no reason to infer from what he can see that there is a choice of methods."

This is applicable to the case in hand. Here there were two ways in which the shaving could have been removed from the machine ; one by the use of the hand, which was dangerous ; the other by blowing it out, which was the safe way. The girl used the former, as she says, by direction of the defendant's foreman.

We think the case was properly disposed of by the court below, and the assignments of error are therefore overruled.

Judgment affirmed.