# Noden, Appellant, v. Verlenden Brothers, Incorporated.

*Negligence—Master and servant—Duty to instruct—Infant—Dangerous machine.*

Where a boy sixteen years of age is put to work at a machine the belt of which had to be replaced while the machine was in motion, and it appears that the boy received no instructions as to how to perform this duty, but is told in emphatic and profane language by the superintendent after the latter had replaced the belt three times, that he would have to learn to put it on himself, and the boy at the first attempt, is injured, the employer is liable in damages for the injuries sustained.

Argued Jan. 25, 1905. Appeal, No. 254, Jan. T., 1904, by plaintiffs, from order of C. P. No. 3, Phila. Co., March T., 1902,

No. 4212, refusing to take off nonsuit in case of Albert Noden and Howard E. Noden, by Albert Noden his next friend v. Verlenden Brothers, Incorporated.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before McMICHAEL, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Thomas James Meagher*, for appellants.—The case was for the jury : Welsh v. Butz, 202 Pa. 59 ; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389 ; Kehler v. Schwenk, 151 Pa. 505 ; Williams v. Clark, 204 Pa. 416 ; Rummell v. Dilworth, 111 Pa. 343 ; Doyle v. Pittsburg Waste Co., 204 Pa. 618 ; Dynes v. Bromley, 208 Pa. 633 ; Creachen v. Bromley Bros. Carpet Co., 209 Pa. 6.

*George L. Crawford* of *Crawford & Loughlin*, for appellee, cited : Fletcher v. Traction Co., 190 Pa. 117 ; Rummell v. Dilworth, 131 Pa. 509 ; Melchert v. Brewing Co., 140 Pa. 448 ; Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; Gillen v. Rowley, 134 Pa. 209 ; Greenway v. Conroy, 160 Pa. 185 ; Kaufhold v. Arnold, 163 Pa. 269 ; Baldwin v. Urner, 206 Pa. 459 ; Penna. R. R. Co. v. Bell, 122 Pa. 58 ; Connerton v. Del. & Hudson Canal Co., 169 Pa. 339 ; Custer v. R. R. Co., 206 Pa. 529 ; Scanlon v. Phila. R. T. Co., 208 Pa. 195 ; Welsh v. Butz, 202 Pa. 59 ; Patterson v. R. R. Co., 76 Pa. 389 ; Williams v. Clark, 204 Pa. 416 ; Kehler v. Schwenk, 151 Pa. 505 ; Doyle v. Pittsburg Waste Co., 204 Pa. 618 ; Dynes v. Bromley, 208 Pa. 633.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905 :

The plaintiff, a boy of sixteen, was injured while in the employ of the defendants operating a garnett machine, which is used for tearing up the waste accumulated in making cotton and woolen goods.    His duties required him to feed the machine by placing the waste upon the apron and to remove it after it had passed through the machine and fallen to the

floor.  A rope belt ran from the speed wheel, near the bottom of the machine, to the small cone wheels on the hub of the large cylinder about the middle of the machine.   There were three wheels of different diameters on the hub of the cylinder and the belt was tightened or slackened, thereby accelerating or diminishing the speed of the machine, by placing the belt on the larger or lesser wheels.   The day the plaintiff began operating the machine the belt came off of one of the cone wheels and he notified the underboss who replaced it on the wheel. The second day thereafter it again came off.   He then notified the superintendent who replaced it and admonished the boy that he would have to learn to put the belt on himself.   The morning of the fourth day of the boy's employment, July 8, 1901, the belt again left the cone wheel and was replaced by the superintendent who again in very emphatic and profane language told the boy that he would have to learn to put the belt on himself.   During the afternoon of that day, the belt again came off the wheel and the boy, pursuant to the former instructions and command of the superintendent, attempted to replace it when his hand was caught between the belting and the cone wheel and was badly injured.

Prior to this engagement the boy had not operated a machine of this character and was ignorant of the mode of operating it.   The instructions he received before entering upon his work are shown by his testimony as follows: " Q. Did you receive any instructions, and if so, tell us what you did receive, from anybody with respect to the use of this machine?   A. I received about ten minutes' instructions from Mr. Heaps (the superintendent).   Q. What did he tell you?   A. He told me how to feed this machine, and he told me not to oil it nor clean it while in running.   Q. Anything else?   A. No, sir. Q. Did he give you any instructions with respect to stopping and starting the machine?   A. No, sir." Subsequently on cross-examination he said that the superintendent " showed me about ten minutes how to run the machine," but this testimony must be considered in connection with his testimony in chief in which he states what his instructions were.

We think the learned judge erred in granting a nonsuit and withdrawing the case from the jury.   There was no opinion filed and we are not advised of his reasons nor of those of the

court in banc in declining to take off the nonsuit.  We will not refer to all of the many recent decisions of this court in which the duty of the employer to instruct youthful and inexperienced employees engaged in operating dangerous machines is discussed and determined.    Two or three cases will suffice. In Rummel v. Dilworth, 131 Pa. 509, WILLIAMS, J., delivering the opinion, says : " If the business is one with which he is not familiar, he has a right to expect that its dangers will be pointed out to him, and that he will be instructed in those things necessary for him to know in order to his own safety. He cannot be held to assume the risk of dangers of the existence of which he has no knowledge.   In the case of young persons, it is the duty of the employer to take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they should not be exposed.   The duty in such cases to warn and instruct grows naturally out of the ignorance or inexperience of the employee, and it does not extend to those who are of mature years, and who are familiar with the employment and its risks."   This doctrine is reiterated in Kehler v. Schwenk, 151 Pa. 505, and in the opinion, delivered by GREEN, J., it is said : " It will be seen from this decision (Rummel v. Dilworth), that in actions by young persons against their employers, we recognize as sources of liability, the inexperience of the servant, and the want of specific instruction as to the dangers of the service, and we suspend the rule that the servant assumes the risk of the service when he has not knowledge by experience, or by specific instruction."   And in Tagg v. Mc-George, 155 Pa. 368, this court, speaking through Mr. Justice DEAN, said : " In the text-books, and with rare exceptions in all the adjudicated cases, the rule laid down in substance is : When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use ; if the employer neglects this duty, or if he give improper instructions, he is responsible for the injury resulting from his neglect of duty."

Howard Noden, the plaintiff, was about sixteen years of age when the defendants put him to work on this machine.   This

was his first experience in operating a garnett machine and he was wholly without knowledge as to his duties in performing the service. There can be little doubt that replacing the belting on the cone wheel or removing it from one wheel to the other in changing the speed of the machine while it is in motion is a dangerous employment for one unfamilar with, and uninstructed, how to do it. Hence, the youth and inexperience of the plaintiff imposed upon the defendants the duty of giving him proper instructions as to the risks incident to the performance of the work and how to avoid them, as well as instructions as to the manner in which he could perform the service with safety to himself. The duty to instruct is imperative unless the child not only knows the danger incident to a discharge of his duties, but also appreciates the danger and knows how to avoid it: Welsh v. Butz, 202 Pa. 59.

Whether such instructions were given, and if given, were proper and sufficient, were questions for the jury. We have quoted the plaintiff's testimony on the subject. If that is credible, the instructions given him were confined to the manner of feeding the machine with the admonition not to clean or oil it when in motion. So far as the testimony discloses, the belt had to be replaced while the machine was in motion, and the plaintiff received no instructions as to how to perform that duty. It is true he saw the superintendent and his assistant replace the belt, but that this gave him very little information as to the manner of performing the service safely appears from the fact that he was injured the first time he attempted to replace the belt. The act of replacing the belt by a person skilled in the work would not of itself necessarily be adequate instructions to a youth who had no knowledge of the machine or the mode of operating it. If he is expected to perform a service of this character, certainly hazardous when performed with the hand, his instructions should not be limited to seeing the act done, but should be sufficient to enable one of his age and experience by the exercise of care to do the work with safety to himself.

It is claimed by the defendants that the act of replacing the belt on the cone wheel was not dangerous, that the plaintiff was fully instructed how to do it; and that his injuries resulted from his own carelessness. If these are the facts in the case, the

defendants are not liable in this action.    But whether they are mere allegations or facts, is clearly a question for the jury as the case was presented at the trial in the court below.

The judgment is reversed with a procedendo.