THOMAS MACKIN, BY HIS NEXT FRIEND, v. THE ALASKA
REFRIGERATOR COMPANY.

*Master and servant—Negligence—Defective appliances—Failure to
give instructions.*

1. Where in a personal injury case the evidence conclusively shows
that it was not usual or feasible to put a cover or screen over
the machine in the use of which plaintiff's hand was mutilated
by coming in contact with the knives which formed a part of
the machine, it is error to submit to the jury the question
whether the defendant was negligent in not covering up or
protecting the machine by some screen, device, or apparatus
that' would have prevented the injury complained of.

2. An employer is not guilty of negligence in failing to instruct a
boy 18 years of age that he must keep his hands away from
the knives forming a part of the machine. at which he is
working, or he will get injured, the working of such machine
being apparent at a glance, and it further appearing that the
boy had been apprenticed to a plumber, for whom he had
worked for some time, and that he had also worked in a pulp
mill.

Error to Muskegon.   (Dickerman, J.)   Argued April 5,
1894.   Decided May 18, 1894.

Negligence case.   Defendant brings error.   Reversed.
The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Turner, Turner & Turner (Brown & Lovelace,* of counsel),
for plaintiff.

HOOKER, J.   The plaintiff, a young man between 18 and
19 years of age, recovered a judgment for $5,000 for the
loss of a hand which was mutilated by defendant's buzz
planer.   The plaintiff sought work from defendant's fore-
man, and. was at first denied, but, in view of his necessities,

he was given work at removing small pieces of wood from the planer table after the operator of the machine had dressed them on the machine. These sticks were piled up by the operator, in lots of 10, upon the table, after they had been planed. The plaintiff describes the machine as a table with a slot about two inches or more wide extending across it, in which slot was a cylinder, with knives upon it, which cylinder, with its knives, extended from a sixteenth to a half inch above the table, at the will of the operator. The plaintiff's version of the accident is that no one instructed him how to do his work, and that he had worked for some hours, when he was injured in taking away the last lot of pieces that were to be planed at that time. The negligence alleged in the declaration consisted in (1) not having the machine covered; (2) not giving the plaintiff proper instruction.

The evidence conclusively showed that it was not usual or feasible to put a cover or screen over such planers, and, upon the hearing in this Court, counsel for the plaintiff disavowed any claim based upon the insufficiency of the machine. The judge submitted the question to the jury, however, and this was error. It was urged that this question is not raised by counsel for the defendant, but the brief refutes the claim.

Upon the second ground alleged the evidence is conflicting upon the subject of instruction, hence the inquiry must be whether the failure to give instruction was negligent. Plaintiff testified that he had worked in a pulp mill, and that he had been apprenticed to a plumber, for whom he had worked for some time, so that he had some knowledge of mechanics, if not machinery. The machine is one whose working is apparent at a glance, and we have no hesitation in saying that a boy of 18 should know that, if he got his hands upon the knives, they would get injured. Some prominence is given to the fact that this boy

had been in the country less than a year at the time of
the accident, and that he came from Liverpool; but we
see nothing in these facts to affect the result, unless we
are to hold that the law presumes such boys to be duller
than those who have lived here longer, or come from some
other locality. It does not appear from the evidence that
there was a necessity for giving directions about the
method of doing the work, and the most that could have
been said to the boy was that he must keep his hands
away from the knives, or he would get injured,—a fact so
patent that a much younger boy should know it. *Prentiss
v. Manufacturing Co.,* 63 Mich. 478; *Schroeder v. Car Co.,*
56 Id. 132; *Michigan Central R. R. Co. v. Smithson,* 45
Id. 212.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.