# CHARLESTON

## BARE, ADMR., v. CRANE CREEK COAL & COKE CO.

### Submitted June 12, 1906.    Decided December 4, 1906.

1. MASTER AND SERVANT—*Employment of Minor—Assumption of Risk.*
    A minor who enters the employment of another assumes the risks of all such apparent dangers as he is capable of comprehending and avoiding. (p. 29.)

2. SAME—*Incapacity of Minor.*
    It is actionable negligence for an employer to engage and place at a dangerous employment a minor who, although instructed,

lacks sufficient age and capacity to comprehend and avoid the dangers of the employment, if the employer has or should have notice of the minor's age and lack of capacity.  (p  29.)

3.  SAME—*Notice of Incapacity,*
    The employer of a minor, without other notice, is charged with notice of such lack of capacity as is usual among minors of the same age, so far as the minor's age is or should be known to the employer.  (p. 29.)

4.  SAME—*Burden of Proof.*
    The burden of proving that a minor employee had greater than the usual capacity of minors of the same age rests upon the employer; and the burden of proving that the minor had less than such usual capacity rests upon the minor, or the one seeking to recover damages on account of his death.  (p. 29.)

5.  SAME—*Negligence—Question for Jury.*
    A case proper for submission to a jury.  (p. 33.)

Error to Circuit Court, Mercer County.

Action by G. L. Bare, administrator, against the Crane Creek Coal and Coke Company.  Judgment for defendant, and plaintiff brings error.

*Reversed.    Remanded.*

G. J. HOLBROOK and HAROLD A. RITZ, for plaintiff in error.

A. W. REYNOLDS, for defendant in error.

COX, JUDGE:

This action was instituted in the circuit court of Mercer county by G. L. Bare, administrator of his son Jonas E. Bare, deceased, against Crane Creek Coal & Coke Company, a corporation, to recover damages on account of the death of Jonas E. Bare.

After the plaintiff's evidence had been introduced upon the trial, the defendant, without introducing evidence, moved the court to strike out the plaintiff's evidence and to direct a verdict for defendant, which motion was sustained.  A verdict for defendant, and a judgment dismissing plaintiff's action, followed.  The plaintiff brings the judgment here by writ of error for review.

The plaintiff offered evidence on the trial tending to prove that the boy, Jonas E. Bare, was employed by the defendant,

as "trapper" or "door-keeper" in an entry of the mine of defendant; that the boy was killed while so engaged; that his duties were to open and shut the door across the entry, where he was stationed, for the passage, upon the track, of mine cars propelled by an electric motor, and to signal for the passage of cars upon that track, by manipulating an electric light or lights by means of a "cut out switch," thus indicating when the track was clear and when it was proper for cars to pass; that the light was located inside the door; that there was an opening in the door, through which the signal light was visible from the entry in front of the door; that shortly previous to the death of the boy a train of sixteen cars was passing into the mine, along the main entry leading to the door where the boy was stationed; that, before reaching the door, the brakeman on the train whistled for signals, and saw the signal light indicating that the track was clear and that it was proper for cars to proceed; that the brakeman did not see that the door was closed; that the brakeman then signalled the motorman; that eight of the front cars were cut off, and caused to run on the main, straight siding leading to the door where the boy was stationed; that the cars struck the door, knocking it down and wrecking the cars or a number of them; that, upon an examination of the wreck the boy was found beneath it under the cars, about twenty-five or thirty feet from the door, with his head injured and his life extinct; that about fifteen or twenty minutes before the wreck a track-layer with another person passed out through the door; that the track-layer then saw the boy lying on his back between the rails of the track; that the person with the track-layer said to the boy, "Don't lay there and let that motor run over you and kill you;" that the boy laughed and said, "He wasn't going to sleep;" that, after the track-layer and the person with him passed out, the boy shut the door with his foot; that the signal lights were not on when these persons passed out of the mine; that the boy was killed some time after three o'clock in the afternoon of February 23, 1904; that the boy had been on duty about seven hours that day; that the boy was past twelve and under thirteen years of age when he was killed; that he was "tolerably small for his age;" that at the time the boy was employed his father told the one employing him that the boy was in his fourteenth

.year. The father afterwards ascertained that the boy was in his thirteenth year. The evidence does not show what previous experience the boy had in this employment. His father testified that he saw the boy while he was working in the mine, and saw the place where the boy was working, before he (the father) "got crippled," but he does not say when he was crippled. As to the capacity of the boy, his father says: "He was just a common child, just like a common child." The evidence does not tend to show whether the boy was instructed in the duties or dangers of his employment or not. There are other features of the evidence unnecessary to detail.

The ground of this action is negligence. The burden is on the plaintiff to prove that the negligence of the defendant was the proximate cause of the injury resulting in the death of the boy. *Butcher* v. *W. Va. & P. R. R. Co.*, 37 W.Va. 180. Negligence implies breach of duty, either of omission or commission. The question for our determination is: If the jury had found a verdict for the plaintiff on this evidence, would it have been the duty of the court to set the verdict aside; or, in other words, was the evidence sufficient to support a verdict for the plaintiff? *Dye* v. *Corbin*, 59 W. Va. 266. The evidence in this case tended to show that the boy was under thirteen years of age when he was killed. The duty of an employer in engaging and placing a minor at a dangerous employment is largely measured by the capacity of the minor to comprehend and avoid the dangers of such employment, when the employer has or should have notice of the minor's capacity. 20 Am. & Eng. Ency. Law 99; *Goff's Admr.* v. *Railroad Co.*, 36 Fed. 299. The questions of the assumption of risks ordinary and extraordinary, of the benefit of instructions (if any) by the employer, and of contributory negligence, hinge upon the question of the capacity of the boy for the particular work in which he was engaged. The employer of a minor, without other notice, is charged with notice of such lack of capacity as is usual among minors of the same age, so far as his age is or should be known to his employer. The burden of proving that a minor employe had greater than the usual capacity of minors of the same age rests upon the employer; and the burden of proving that the minor had less than such usual capacity rests upon the minor, or the one seeking to recover damages on account of his death.

1 Sherman & Redfield on Neg. (5th. Ed.) section 218; *Molaske* v. *Coal Co.*, (Wis.) 56 N. W. Rep. 475; *Wynne* v. *Conklin*, 86 Ga. 40.

It is actionable negligence for an employer to engage and place at a dangerous employment a minor who, although instructed, lacks sufficient age and capacity to comprehend and avoid the dangers of the employment, if the employer has or should have notice of the minor's age and lack of capacity. Thomp. on Neg., section 4689; 20 Am. & Eng. Ency. Law, *supra; Goff's Admr.* v. *R. R. Co.*, *supra;* 1 Sherman & Redfield on Neg., *supra.*

The rule in relation to assumption of risks by minor employes is correctly stated by this Court in *Williams, Admx.* v. *Coal & Coke Co.*, 55 W. Va. 84. It is, that a minor who enters the employ of another assumes the risks of all such apparent dangers as he is capable of comprehending and avoiding. The apparent risks assumed are those which the minor has the capacity to comprehend and avoid. See, also: *Turner* v. *Railroad Co.*, 40 W. Va. 675; *Giebell* v. *Collins Co.*, 54 W. Va. 518; Thomp. on Neg. *supra;* 1 Labatt on Master & Servant 291. In determining the capacity of the minor to perform the work and avoid the dangers of a particular employment, the character of the work, the circumstances under which it is to be performed, and the previous experience of the minor should be considered. 1 Labatt on Master & Servant, *supra.*

The evidence tends to show that it was the duty of the boy to open and close the door across the mine entry for the passage of electric cars, and to manipulate the signal light or lights, by means of a "cut out switch," for such passage. This employment was attended with danger. It required care, watchfulness, concentration of mind, and continuity of purpose. A failure to exercise these qualities of mind in the performance of his duties would probably entail great danger of injury or loss of life. Were such duties only consistent with, or were they beyond, the capacity of an ordinary boy under thirteen, or even under fourteen, years of age? The defendant claims that it must be presumed that the boy was instructed as to the dangers of his employment, in the absence of any showing to the contrary. If he was instructed, the question of capacity to comprehend and follow the instructions and avoid the dangers arises.

The question of contributory negligence presents the same question of capacity. The capacity of a minor employe is the measure of his responsibility. If he has not the capacity to comprehend and avoid the dangers to which he may be exposed, negligence will not be imputed to him from the fact that he unwittingly exposes himself to such dangers. 1 Minor's Insts. 505; Thomp. on Neg., *supra;* Sherman & Redfield on Neg. (5th Ed.) 73*a*.

It is said that the statute, Anno. Code 1906, section 412, permits the employment of a boy over twelve years of age, in a coal mine. We do not think that section has any bearing on the duties of an employer toward a minor employe over the age of twelve years.

Considering the fact that the evidence tends to show that the boy was actually under thirteen years of age, and was represented at the time of the employment to be in his fourteenth year, and the other circumstances which the evidence tends to prove, this evidence should have been submitted to the jury to determine the question of the capacity of the boy by its verdict. "The rule may be laid down generally that the age, the capacity and discretion of a child to observe and avoid dangers are questions of fact, to be determined by the jury; and his responsibility is to be measured by the degree of capacity he is thus found to possess." 1 Minor's Insts. 505. "The true rule would seem to be that the court should take the question away from the jury where the clear weight of evidence shows that the child had a capacity for self-protection, which he culpably omitted to use, in face of a danger which it knew and sufficiently apprehended, but not otherwise." See also 1 Sherman & Redfield on Neg. 73*a* and section 218: Buswell on Personal Injuries, section 203; Thomp. on Neg., section 4687; *Ketterman* v. *Railroad Co.,* 48 W. Va. 606; *Williams* v. *Coal Co., supra.*

For the reasons stated, the judgment is reversed, a new trial awarded, and the case remanded to be further proceeded with according to law.

*Reversed.    Remanded.*