CASE 21.—ACTION BY GROVER BOLLINGTON BY NEXT
    FRIEND, ETC., AGAINST THE LOUISVILLE &
    NASHVILLE R. R. CO., FOR DAMAGES FOR PER-
    SONAL INJURIES.—March 22.

# Bollington v. Louisville & Nashville R. R. Co

Appeal from Boone Circuit Court.

JOHN M. LASSING, Circuit Judge.

Judgment for defendant. Plaintiff appeals.
Affirmed.

1.  Master and Servant—Assumed Risk—Liability of Master—
    Under the rule that a servant assumes all the risks ordinarily
    incident to his employment in accepting service he not only
    assumes the risk reasonably to be anticipated as incident to
    it, but he also assumes that he has capacity to understand
    the nature and extent of such service and the requisite abiity
    to perform it.
2.  Same.—The use of water and lime in making whitewash, and
    the effect of water on lime, when applied to it, are of such
    commonplace and daily transactions that any person nineteen
    years of age who had ordinary intelligence and capacity
    would and ought to know the danger attending such mixture,
    and such person acting as a servant cannot recover of the
    master for an injury from a risk so assumed.

    F. E. CURLEY, attorney for appellant.

### POINTS AND AUTHORITIES CITED.

1.  Excluding the negligence of fellow servants, a servant
assumes the ordinary risks of his employment, with the instru-
mentalities, in the place, and under the rules of the work for
which he is engaged, which are reasonably necessary and incident
to it, and which are apparent to ordinary observation—provided:
    (a)  He knew or appreciated, or should have known and

Bollington v. Louisville & Nashville R. R. Co.

appreciated, the risks and dangers, in the prudent exercise of his senses and common sense, regard being had to his age, capacity and experience.

(b) The master has exercised reasonable care to prevent them.

2. Before the risk is assumed the servant must be upon equal terms with the master as to knowledge and understanding. A servant could not and does not assume a risk in the course of his employment, that is not obvious or apparent and which could not have been known to him by the use of ordinary care and prudence.

3. While the servant assumes the risk, more or less hazardous, of the service in which he engages, he has a right to assume that all reasonable attention will be given by his employer to his safety, and that he shall not be carelessly and needlessly exposed to risks which might be avoided by ordinary care and precaution on the part of his employer.

## CASES CITED.

Cudahy Packing Co. v. Marcan, 45 C. C. A., 515; Rummell v. Dilworth, 1 Cent. Rep., 905; Southern Railway Co. v. Hart, 23 Ky. Law Rep., 1056; Bailey on Personal Injuries, 2666, 2665, 2836; Davis v. St. L., &c., R. Co., 53 Ark., 117; Ziegler v. Danbury & N. R. Co., 52 Conn., 543; Boyce v. Fitzpatrick, 80 Ind., 527; Roessler Hasslacher Chemical Co. v. Peterson, 135 Fed. Rep., 789; Smith v. Peninsular Car Works, 60 Mich., 501; Rillston v. Mather, 44 Fed. Rep., 743; McGowan v. LaPlata Min. & Smelting Co., 9 Fed. Rep., 861; Holland v. Tenn. Coal, I. & R. Co., 91 Ala., 444; East Jellico Coal Co. v. Stewart, 24 Ky. Law Rep., 420; Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 88-9; Bogenschutz v. Smith, 84 Ky., 339.

JOHN S. GAUNT and BENJAMIN D. WARFIELD, attorneys for appellee.

## POINTS CITED.

It must be taken as true from the allegations of plaintiff's petition:

First, That appellant was nineteen years old.

Second, That appellant had some knowledge and experience in mixing lime and whitewash and making whitewash.

Third, That appellant was capable and competent to do the work, and labored under no disability or infirmity of either body or mind.

Fourth, That appellee knew of the age of the appellant, and also knew that he had some experience and knowledge in and about the business, so that in either view of the case as set out by the appellant he is not entitled to recover.

The person guilty of the negligence and carelessness, which not only contributed to the injury, but was the immediate and direct cause of it, was appellant himself.

### LIST OF AUTHORITIES CITED.

Wilson, Adm'r, v. Chess & Wymond Co., 25 Ky. Law Rep., 1665; Wood's Law of Master and Servant, 166; Brown v. Oregon Lumber Co., 33rd Pac.; Stewart v. New Albany Mfg. Co., 43 N. E., 961; Pordy v. Westinghouse Electric F. M. G. Co., 47 Atlantic, 237; Amer. & Eng. Encyc., vol. 12, p. 503; Allison Mfg. Co. v. McCormick, 118 Pa. St., 519; Am. & Eng. Encyc. of Law, vol. 12, p. 502; C. & O. Railway Co. v. Thierman, 15 Ky. Law Rep., 655; Kelly v. Barber Asphalt Co., 93 Ky., 367; Amer. & Eng. Encyc., vol. 14, p. 842; Ciriacks v. Merchant's Woolen Co., 23 N. E., 830; Williamson v. Sheldon Marble Co., 29 Atl., 669; Cudahy Packing Co. v. Marcan, 106 Fed.; Amer. & Eng. Encyc., vol. 12, p. 503; Omaha Bottling Co. v. Theirder, 80 N. W., 821; Thain v. R. R. Co., 37 N. E., 309; Manufacturing Co. v. Arckson, 53 Fed., 943; Hill v. Myer Bros., 41 S. W., 909; Roessler & Hasslacher Chemical Co. v. Peterson, 134, Federal, 789; Wilson's Adm'r v. Chess Wymond & Co., 25 Ky. Law Rep., 1655; C. N. O. & T. P. Ry. Co.'s Receiver v. Fennell's Adm'r, 108 Ky., 140, and cases there cited.

OPINION OF THE COURT BY SPECIAL JUDGE TERRIL—Affirming.

This action was brought by appellant, Grover Bollington, by his next friend, N. G. Bollington, against the appellee, the Louisville & Nashville Railroad Company, in which he seeks to recover damages from appellee for personal injuries alleged to have been sustained while in its employment, and by reason of its negligence and carelessness.

Appellant alleges in his petition and amendments that while in the employ of the appellee he was ordered by appellee, and its servants superior in

authority to him, to mix quantities of lime and water
for the purpose of making whitewash, to whitewash
the outbuildings of appellee; that while so engaged,
and without any warning, the lime exploded, throwing
quantities of lime and water in his eyes, and from
the effect of which he lost the use of one eye, and the
other has been materially injured; that appellee knew
that lime and water when confined in mixing would
explode; that appellant, being only 19 years of age,
and having but little or no experience in handling or
mixing lime and water, did not know it would explode,
and that appellee and its servant in charge of him
knew of said danger, and failed to warn or instruct
him, by reason of which he was injured. The court
below sustained a demurrer to appellant's petition
and amendments, and its ruling is now before this
court for review.

There is no complaint on the part of the appellant
as to the kind or character of the material furnished
him to use. It is not alleged that the material or
appliances furnished by the appellee was not the best,
nor does the petition or amendments thereto allege
that the lime used was not slacked. The negligence
charged is that it knew of the dangers of mixing lime
and water, and it failed and neglected to warn or
instruct appellant of the danger. That the servant
assumes the ordinary risks and dangers incident to
the character of service he is engaged to perform is
a well-established and settled rule. Bollington was
19 years of age, and was employed by appellee in
the maintenance of its tracks and ways, and of ordi-
nary capacity and intelligence, and had experience
in the service incident to his employment. In the
case of C. N. O. & T. P. Co.'s Receiver v. Finnell's
Adm'r, 108 Ky. 139, 55 S. W. 902, 57 L. R. A. 266,

this court said: ''The rule is that a minor in enter-
ing the service assumes like the adult the risk of that
service, unless too young to appreciate the peril to
which he is exposed.'' The general rule is that the
servant assumes all the risk ordinarily incident to
his employment, and, in accepting service, he not
only assumes the risk reasonably to be anticipated
as incident to it, but he also assumes that he has the
capacity to understand the nature and extent of such
service, and has the requisite ability to perform it.
See Wood, Law of Master and Servant, p. 166. In
4 Thompson on Negligence, section 4686, it is said:
''The rule that an employe assumes the ordinary
risks of the employment applies to minors, as well
as to adults, provided the minor has sufficient age,
intelligence, and discretion to understand and ap-
preciate the risk to which he is exposed.'' In the
case of Cudahy Packing Co. v. Marcan, 160 Fed. 645,
45 C. C. A. 515, 54 L. R. A. 258, the court says: ''A
minor employed as a servant assumes to same extent
as an adult the ordinary dangers and risks of his
employment which he actually knows and appreciates,
and those that are so apparent and open that one of
his age, experience and capacity would, in the exer-
cise of ordinary care, know and appreciate.''

The use of water and lime in making whitewash,
and the effect of water on lime when applied to it,
are of such general character and so universally
accepted, and are of such commonplace and every
day transactions, that any person 19 years of age
who had ordinary intelligence and capacity would
and ought to know and understand the effect of
mixing lime and water, and to take notice of this
common and universal natural law, even if the lime
was unslacked. In the case of Roessler & Hasslacher

Chemical Co. v. Peterson, 134 Fed. 789, 67 C. C. A. 295, the court says: ''Whitewashing and the slacking of lime for that purpose is one of the commonest of domestic service. No special skill or training, and the slightest experience only, are required to perform it. That heat and steam are evolved in the slacking of lime is almost as much a matter of common knowledge as that boiling water will produce steam, and it cannot be seriously contended that any special duty of protection is owing by the employer to a laborer of mature years and intelligence who assumes the work of slacking lime for the purpose of whitewashing. The employer is not to be complained against for assuming that such a man understands as well as the employer all that is necessary to be understood about the work he undertakes. This. we think, is in accord with the well-settled doctrine of the numerous cases dealing with the law of master and servant, and the assumption of risk of employment by the servant.'' In the case just cited the complaint was that the laborer was put to slacking lime and making whitewash for the purpose of whitewashing, without being properly instructed or warned as to the danger of slacking lime, while the case at bar only alleges that appellant was directed to mix quantities of lime and water in a bucket to make whitewash, without being warned or instructed as to the danger. It therefore follows that, as appellant shows that he had both knowledge and experience, and having both knowledge and experience, however slight, and being a person of 19 years of age, and of ordinary capacity and intelligence, must of necessity be informed of the nature and character of the effect of mixing lime and water in a bucket, and assumes the risk incident thereto. See Ciriack v. Merchants' Woolen Company,

23 N. E. 830, 151 Mass. 152, 6 L. R. A. 733, 21 Am. St. Rep. 438.

The judgment is affirmed.

JUDGE LASSING, not sitting.