GERMAN AMERICAN LUMBER COMPANY, A CORPORATION, *Plaintiff in Error,* v. WESLEY BROCK, *Defendant in Error.*

1. A ground of a demurrer which merely states that the allegations of the declaration do not present a cause of action is but a repetition or reiteration of the statutory form of the demurrer that the declaration "is bad in substance," and such ground is of no avail where it does not appear from an inspection of the declaration that it in substance does not state a cause of action.

2. A declaration in an action at law should by direct allegations or by fair inference from its direct allegations contain all the essentials of a cause of action.     When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and of facts showing that such injury was a proximate result of the negligence alleged.

3. Where the allegations of a declaration in substance state a cause of action, objections to the form or manner in which the allegations are made cannot be reached by demurrer.     If any of the allegations are so general or so inaptly expressed as to prejudice or embarras the defendant in making defense, the remedy is by proper motion to strike or amend under the statute.

4. It is the duty of the master to exercise such ordinary anp reasonable care as prudence and the exigencies of the situatiou

require, in providing the servant with safe machinery and suitable instrumentalities for his work, and in notifying the servant of any defects or risks of which the servant does not know. If this duty is not performed the master is liable for injuries resulting proximately from such failure of duty. If the servant contributes proximately to the injury received by him it is a matter of defense.

5. A charge directing a verdict for the defendant should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence *tending* to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law.

6. Questions of negligence or failure to perform duty and of contributory negligence and assumed risks are for the jury to determine when the facts are controverted. When the facts are ascertained or not controverted the law determines the duty and the liability arising from the relation of the parties and the circumstances of the case.

7. Where there is any evidence tending to prove, or from which it may be fairly inferred, that the negligence of the defendant was a proximate cause of the injury complained of, and it does not appear that the plaintiff contributed proximately to the injury, an affirmative charge for the defendant should not be given.

8. A servant in the performance of his duties is bound to exercise ordinary care for his own safety, or that degree of care which prudent persons usually exercise under similar circusmtances, and if he is injured by failure to exercise such care, the master is not liable.

9. In an action against the master to recover damages for injury to the servant as a result of the master's negligence, the presumption that arises from the instincts of self preservation, and the known disposition of men to avoid injury to themselves, constitute a *prima facie* inference that the servant exercised ordinary care and was free from contributory negligence. The burden of showing contributory negligence is on the defendant.

10. The doctrine of assumption of risk is distinct from that of contributory negligence, and rests upon an implied or express agreement from the circumstances of the employment, that the master shall not be liable for any injury incident to the service, resulting from a known or obvious danger arising in the performance of the service.

11. Assumption of risk may be made available as a defense in actions for damages by a servant for injuries received in the course of his employment; but it is an affirmative defense and should be specially pleaded and proven by the defendant.

12. Upon voluntarily accepting an employment, the servant assumes all the ordinary and usual risks and perils incident to the employment, and all risks that the servant knows or by the exercise of reasonable care and attention should know to be incident to the employment. The servant does not assume risks caused by the master's negligence, nor such as are latent and not known to the servant, nor such as are discovered only at the time of the injury, unless by the exercise of reasonable care and attention he should have discovered such risks sooner..

13. It is one of the legal duties of the master to give his servant warning of any extraneous, latent or unusual danger to which the servant may be subjected, but of which the servant did not know; and if the master fails to do so, and the servant is injured, the master is liable, because the injury did not flow from any risk assumed by the servant, but from the negligence of the master in not warning the servant of the danger.

14. Where an inexperienced servant undertakes at the request of the master to use machinery he had seen used but without knowledge of the danger attending the use, and the master does not instruct him of the danger or of the peculiarities of the machinery that may cause injury, and the servant is injured in using the machinery without fault of his own the master is liable.

This case was decided by Division A.

Writ of Error to the Circuit Court for Washington County.

## Statement.

An action was brought in the circuit court for Washington county by Wesley Brock against the German

American Lumber Company, a corporation, to recover damages for injuries received by the plaintiff in the defendant's saw mill. The declaration is as follows:

"That heretofore, to-wit, on the 12th day of November, A. D. 1906, the defendant was the owner, user, and operator, of a certain saw mill at Millville in Washington county, Florida, which mill was used and operated ᴜaᴜᴛ in the manufacture of lumber, and that said defendant, in so manufacturing lumber in and with said saw mill used certain machinery, saws, carriages, fixtures, appurtenances and appliances for that purpose, and among other machinery, fixtures, appliances and saws, used in so manufacturing lumber at said mill was a certain saw used for sawing or cutting into two parts all saw logs that were of a greater length than could be handled and sawed into lumber on the defendant's said carriage and saws. And plaintiff alleges that in November, 1906, he was employed by the defendant to work in its said saw mill, and to perform certain services in the operation of said mill in this, that plaintiff was to pull up the saw logs into the saw mill of the defendant, and it became a part of his duty under his employment by defendant to use the said saw which was kept and used for the cutting and sawing into two parts saw ᵕere too long to be sawed and manufactured into lumber by defendant's said saws and carriages, and in using said saw it became the duty of plaintiff to saw or cut said saw logs into two parts with same. And plaintiff alleges that it then and there was the duty of the defendant to use due and proper and ordinary care and caution to furnish the plaintiff with reasonably sound and suitable machinery and appliances with which he could safely perform his work aforesaid. Yet the said defendant, not regarding its duty as aforesaid, but contriving to injure, damage and aggrieve the plaintiff in this behalf did, on or about the said 12th day of Novem-

ber, 1906, in the county of Washington and state of Florida, negligently, recklessly and carelessly fail and refuse to use due diligence, proper care and caution to furnish the plaintiff with sound machinery and saws with which he could with reasonable safety perform his said work in pulling up the said saw logs into the mill and sawing into two parts those which were too long as aforesaid, but the said defendant furnished to the plaintiff a machine, appliance and saw to do said work with which were insufficient, insecure, defective and dangerous; and it became the duty of the defendant to warn the plaintiff of the insufficient, insecure, defective and dangerous condition of said machine, appliance and saw, which it furnished plaintiff to do his said work with, but this the defendant wholly failed to do, and plaintiff did not know and had no knowledge whatever of the said insufficient, insecure, defective and dangerous condition of said machine, appliance and saw, furnished to him by the defendant to do his said work, and without any fault upon the part of the plaintiff and while he was so engaged in the performance of his work for the defendant as aforesaid in pulling up the saw logs into the mill and sawing into two parts those which were too long as aforesaid he, the plaintiff, was struck on his leg by one of the saw logs which he had pulled up into the mill to be sawed and manufactured into lumber by plaintiff, and that the said saw log was caused to strike plaintiff, without any fault on the part of the plaintiff, but solely by reason of the defective, insufficient, insecure and dangerous condition of the machine. appliance and saw which defendant had furnished to plaintiff to perform his said work with, and because defendant had not warned plaintiff of the defective, insecure and dangerous condition of same so as to put him on his guard against accidents by reason thereof; and in so striking plaintiff's leg said log broke, crushed and

wounded the leg of the plaintiff from the knee down to his foot, and has wounded and maimed plaintiff for life, and caused him to suffer great mental and physical pain and anguish, and has caused him to expend large sums of money for medicine, medical aid and nursing, and has caused him great loss of time from his employment, and has so maimed and wounded him that he is permanently an invalid, and permanently disabled from ever performing manual labor again. That plaintiff is a young man, 29 years of age, and prior to the said injury to him he was strong and hale and hearty and able to earn, and did earn, three dollars per day by manual labor. Wherefore plaintiff sues and claims ten thousand dollars damages."

The defendant demurred to the declaration, the grounds being:

"1. That the allegations of the said declaration do not present any cause of action.

2. That the said declaration does not sufficiently show in what respect the defendant became liable to the plaintiff.

3. That the allegations of the said declaration do not sufficiently show negligence of defendant."

The demurrer was overruled and the defendant pleaded (1) not guilty; (2) contributory negligence. Judgment was rendered for the defendant in the sum of $3,000, and the plaintiff took writ of error. The errors assigned and argued are the overruling of the demurrer to the declaration, and the refusal to direct a verdict for the defendant.

*Avery & Avery* and *Blount & Blount & Carter,* for plaintiff in error;

*C. L. Wilson* (with whom was Ellis F. Davis on the brief), for defendant in error.

WHITFIELD, J.—The first ground of the demurrer that the allegations of the declaration do not present a cause of action, does not state any substantial matter of law challenging the sufficiency in substance of the declaration as required by the statute, and is in effect but a repetition or reiteration of the statutory form of demurrer that the declaration "is. bad in substance." As it does not appear from an inspection of the declaration that it in substance fails to state a cause of action the first ground of the demurrer is of no avail. Benedict Pineapple Co. v. Atlantic Coast Line Ry. Co., 55 Fla. 514, 46 South. Rep. 732, and authorities cited.

It is suggested that while this court has repeatedly held that in actions for negligence the particular facts constituting the negligence need not be alleged, where sufficient acts causing the injury are alleged to have been negligence; yet the court has not "held that an allegation generally of the acts claimed to have caused the injury will suffice if it does not reasonably appear from the allegations that those acts could have caused the injury." The specific objections to the declaration is upon the ground that it is "impossible to conceive how the alleged negligent act complained of could have caused the injury which the plaintiff claims to have sustained."

A declaration in an action at law should by direct allegations or by fair inference from its direct allegations contain all the essentials of a cause of action. When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and of facts showing that such injury was a proximate result of the negligence alleged. The facts constituting the negligence need not be alleged, but if it clearly appears that the injury sustained could

not have been caused by the negligence alleged, there is no cause of action stated.

If it does not appear from the declaration by direct allegations of facts, or by fair inference from direct allegations that the negligent act or omission complained of was a proximate cause of the injury, there can be no recovery. The defendant is liable in damages only for injuries that its negligent act or omission proximately caused or contributed to causing.

It should appear from the declaration that the negligence alleged was a proximate cause of the injury. If the plaintiff contributed proximately to causing the injury it is a matter of defense.

Where the allegations of a declaration in substance state a cause of action, objections to the form or manner in which the allegations are made cannot be reached by demurrer. If any of the allegations are so general or so inaptly expressed as to prejudice or embarrass the defendant in making defense, the remedy is by proper motion to strike or amend under section 1433 of the General Statutes. Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792.

Counsel insists that there is no apparent connection between the negligence and the injury as alleged.

The declaration alleges that the defendant was the owner and operator of a sawmill in which saws and other machinery were used; that the plaintiff was employed therein to pull up the logs into the mill and to use the saw in cutting the logs in two; that the defendant not regarding its duty, but contriving to injure, damage and aggrieve the plaintiff, did negligently, recklessly and carelessly fail and refuse to use due diligence, proper care and caution to furnish the plaintiff with sound machinery and saws with which he could with reasonable safety perform his work, but the defendant furnished to the plaintiff a machine, appliance and saw to do his

work with, which were insufficient, insecure, defective and dangerous; that defendant failed in its duty to warn the plaintiff of the insufficient, insecure, defective and dangerous condition of said machine, appliance and saw, and the plaintiff had no knowledge whatever of the same, and without his fault while engaged in his work for defendant in pulling up saw logs into the mill and sawing into two parts those which were too long, the plaintiff was struck on his leg and his leg was broken by one of the saw logs which he had pulled up into the mill to be sawed, and that said saw log was caused to strike plaintiff, without any fault on his part, but solely by reason of the defective, insufficient, insecure and dangerous condition of the machine, appliance and saw which defendant had furnished to plaintiff to perform his work with. and because the defendant had not warned the plaintiff of the defective, insecure and dangerous condition of the same so as to put him on guard against accidents by reason thereof.

These allegations are very general, but as against the demurrer they are a sufficient statement that the cause of the injury was the negligence of the defendant in failing to furnish the plaintiff with reasonably safe and suitable machinery, appliances and saw, so he could with reasonable safety perform his work, and in failing to warn the plaintiff of the defective, insecure and dangerous condition of the machinery that the plaintiff did not know of. No motion appears to have been made to require the plaintiff to more specifically allege the negligent acts complained of. The demurrer questions the sufficiency in substance of the declaration as an entirety to state a cause of action.

If the plaintiff while properly performing his duty was injured solely because of the negligence of the defendant in furnishing the defective machinery the plaintiff was using, of which defects the plaintiff did not

know, the defendant is liable in damages for the injury and it is not necessary that the declaration contain allegations of the particular facts constituting the negligent injury. It is not alleged as contended that a saw insufficient for the purpose of sawing a log into two, caused another log to roll down upon the plaintiff and injure him. The allegation as to the injury is that "the plaintiff was struck on his leg by one of the saw logs which he had pulled up into the mill to be sawed and manufactured into lumber by plaintiff, and that said saw log was caused to strike plaintiff, without any fault on the part of the plaintiff, but solely by reason of the defective, insufficient, insecure and dangerous condition of the machine, appliances and saw which defendant had furnished to plaintiff to perform his said work with, and because defendant had not warned plaintiff of the defective, insecure and dangerous condition of the same as to put him on his guard against accidents by reason thereof." The declaration does not show contributory negligence.

It is the duty of the master to exercise such ordinary and reasonable care as prudence and the exigencies of the situation require, in providing the servant with safe machinery and suitable instrumentalities for his work, and in notifying the servant of any defects or risks of which the servant does not know. If this duty is not performed the master is liable for injuries resulting proximately from such failure of duty. If the servant contributes proximately to the injury it is a matter of defense. Green v. Sansom, 41 Fla. 94, text 103, 25 South. Rep. 332; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; South Florida R. Co. v. Reese, 32 Fla. 212, 13 South. Rep. 436.

The declaration states a cause of action, and the demurrer thereto was properly overruled.

It is earnestly contended that the trial court erred

in refusing to instruct the jury to find for the defendant, because (1) "according to the admissions of the plaintiff the accident may have occurred from his fault and there is nothing to lead the jury to the conclusion that it did not;" (2) "there is no testimony to show that there was any fault in the defendant in furnishing the saw and its appliances;" (3) "there is no testimony that the defendant knew or had reason to believe there was danger attending the use of the saw and its appliances or that the plaintiff was ignorant of the fact that the saw did not always cut logs in two."

Section 1496 of the General Statutes provides as follows: "Upon the trial of all cases at law in the several courts of this state, the judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause.

If, however, upon the conclusion of the argument of counsel in any civil case, after all the evidence shall have been submitted, it be apparent to the judge of the circuit court, or county court, that no evidence has been submitted upon which the jury could lawfully find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party."

A charge directing a verdict for the defendant should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence *tending* to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law. Florida Cent. & P. R. Co. w. Williams, 37 Fla. 406, text 424, 20 South. Rep. 558; C. B. Rogers Co. v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878; Jacksonville Electric Co. v. Sloan, 52, Fla. 257, 42 South.

Rep. 516; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 South. Rep. 680.

The issues being tried were whether the injury to the plaintiff was proximately caused by the negligence of the defendant in furnishing defective, insufficient, insecure and dangerous machinery or appliances, and in not notifying the plaintiff of such defects and the risks incident thereto, and whether the plaintiff proximately contributed to the injury.

By implication of law certain correlative rights and duties arise out of the relation of master and servant It is the master's duty to exercise reasonable care in furnishing to the servant safe implements to use and a safe place to occupy while doing the work assigned to him, and to notify the servant of any risks that are not obvious or that are not known to the servant. It is the duty of the servant to use ordinary care in performing the work so as to avoid injury to himself. The servant assumes the usual and obvious risks incident to the employment, but he does not assume unusual risks that he does not know of and could not by reasonable attention know of, or that are first brought to his attention by an injury to him.

If the master fails to perform a duty to the servant arising out of the relation existing between them under the circumstances of the case, he is liable in damages for injuries to the servant resulting proximately from such failure where the servant is not at fault. If the servant fails to perform a duty arising out of the employment, and injury to himself results from such failure he cannot in general recover damages from the master for such injury. If the injury sustained by the servant is the result of the risks assumed by the servant involuntarily undertaking the employment, the master is in general not liable. The questions of negligence or failure to perform duty and of contributory negligence and

assumed risks are for the jury to determine when the facts are controverted. When the facts are ascertained, or not controverted, the law determines the duty and the liability arising from the relation of the parties and the circumstances of the case.

If there is any evidence tending to prove, or from which it may be fairly inferred, that the negligence of the defendant was a proximate cause of the injury, and it does not appear that the plaintiff contributed proximately to the injury the affirmative charge was properly refused.

If it appears from the testimony that the negligence alleged did in ordinary natural continuous sequence cause or contribute to causing the injury, and that the plaintiff did not contribute to the injury the defendant is liable.

A servant in the performance of his duties is bound to exercise ordinary care for his own safety, or that degree of care which prudent persons usually exercise under similar circumstances, and if he is injured by failure to exercise such care, the master is not liable. Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148

In an action against the master to recover damages for injury to the servant as a result of the master's negligence, the presumption that arises from the instincts of self preservation, and the known disposition of men to avoid injury to themselves, constitute a *prima facie* inference that the servant exercised ordinary care and was free from contributory negligence The burden of showing contributory negligence is on the defendant. See Pilmer v. Boise Traction Co., (Idaho), 94 Pac. Rep. 432.

The doctrine of assumption of risk is distinct from that of contributory negligence, and rests upon an implied or express agreement, from the circumstances of

the employment, that the master shall not be liable for any injury incident to the service, resulting from a known or obvious danger arising in the performance of the service. Choctaw, etc. R. Co. v. Jones, 77 Ark. 367, 7 Am. & Eng. Ann. Cases, 430 and note.

Assumption of risk may be made available as a defense in actions for damages brought by a servant for injuries received in the course of his employment, but it is an affirmative defense that should be specially pleaded and proven by the defendant. Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761, and authorities there cited.

Upon voluntarily accepting an employment, the servant assumes all the ordinary and usual risks and perils incident to the employment, and all risks that the servant knows or by the exercise of reasonable care and attention should know to be incident to the employment. The servant does not assume risks caused by the master's negligence, nor such as are latent and not known to the servant, nor such as are discovered only at the time of the injury. 26 Cyc. 1180; North Chicago St. R. Co. v Dudgeon,, 184 Ill. 477, 56 N. E. Rep. 796; Missouri, K. & T. Ry. Co. of Texas, v. Milam, 20 Tex. Civ. App. 688, 50 S. W. Rep. 417.

Where the master is not negligent in providing reasonably safe machinery, or in advising the servant of risks the servant does not know of, injuries received in using the machinery may be the result of the risks assumed by an adult plaintiff in voluntarily undertaking the work he had seen others perform, and in such case the master is not liable.

If in this case the machinery was defective because of the negligence of the defendant in providing it, and on account of such defect the saw failed to cut the log in two, and such failure of the saw to cut the log in two

by ordinary natural continuous sequence, unbroken by a new cause, produced or contributed to producing an injury to plaintiff that otherwise would not have occurred, and the plaintiff did not proximately contribute to the injury, the negligence of the defendant in providing the defective machinery was a proximate cause of the injury, and the defendant is liable.   The primary negligence of the defendant as alleged and whether it was a proximate cause of the injury are essentially questions for the jury to determine from the facts and circumstances in evidence.

It is one of the legal duties of the master to give his servant warning of any extraneous or unusual danger to which the servant may be subjected, but of which the servant did not know; and if the master fails to do so, and the servant is injured, the master is liable, because the injury did not flow from any risk assumed by the servant, but from the negligence of the master in not warning the servant of the danger.   7 Am. & Eng. Ency. Law (2nd ed.) 417 note.

Where the dangers are open and obvious, and the servant, although inexperienced, had sufficient capacity to fully comprehend the dangers; or where the servant although not warned by the master, has from some other source obtained full information of the danger and is of sufficient capacity to have avoided and by reasonable diligence could have avoided, the danger after it became known to him, the master is not liable.   7 Am. & Eng. Ency. Law (2nd ed.) 418 note.

If the machinery that caused the injury had been seen in operation by the plaintiff but the danger of the position was not explained to him and such explanation was necessary for the protection of one who had no knowledge of the danger, the master is liable.   James v.

Rapides Lumber Co., 50 La. Ann. 717, 44 L. R. A. 33 and notes.

When an inexperienced servant undertakes at the request of the master to use machinery he has seen used but without knowledge of the danger attending the use, and the master does not instruct him of the danger or of the peculiarities of the machinery that may cause injury, and the servant is injured in using the machinery without fault of his own the master is liable  See Camp. v. Hall, 39 Fla. 535, 22 South. Rep. 792; Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516.

There was testimony that the plaintiff had been working at the mill eight or nine months or longer and was put at work in which he was injured two or three days before the accident; that the work was on the log deck where logs are cut in two by a circular saw and then "kicked" out on the log deck; that the foreman asked plaintiff if he would undertake the work; plaintiff said he would try; the foreman did not explain to plaintiff how to operate the saw and kicker; there was no explanation given plaintiff as to whether the saw would always cut the logs; plaintiff had no experience in running the saw and no one notified him that it would not cut the logs every time; while plaintiff was running the saw it had not failed before to cut the logs in two; the saw was 16 or 20 feet from where plaintiff was required to operate it, and from that position plaintiff could not see whether the logs were cut in two; one log was not cut in two and plaintiff supposing it had been cut in two endeavored in the usual way to "kick" one part of the log off, but because it was not cut in two, both parts of the log went off and the part not intended to go off was caught by the log carriage and thrown against plaintiff injuring him; that the saw was sufficiently wide to saw the logs; that plaintiff held on to the lever until the saw went

the proper distance for the log to be cut in two and then let the lever up as he thought the log had been cut in two.    There is testimony that the plaintiff did not know the saw would not cut all the logs in two, and that the saw and apparatus were reasonably safe and adapted to the purposes of its use, and there is testimony from which it may be fairly inferred that the defendant did know or should have known that the saw would not cut all the logs in two.    The plaintiff testified that the saw was in perfect working order, but he did not know whether there was any defect in the appliances.    There is no positive proof of contributory negligence.

The plaintiff, an adult man, had for some time worked in the sawmill and had seen the circular saw used in cutting logs in two, but had not run the saw himself, and had had no experience in the use of such machinery and its appliances.    Three days before he was injured he was asked by the foreman of the mill if he could run the saw and its appliances in sawing logs in two and in "kicking" them on to the log deck.    He replied that he would try. He was not told of the danger incident to the work and he did not know of it.    The saw did not cut all the logs in two owing to the size of the log, the form or position of the log, or other causes, of which the plaintiff did not know, but of which the defendant either knew or should have known.    One of the logs was not cut in two, but from the position the plaintiff occupied his work he could not see that it was not cut in two, and supposing it had been cut in two, the plaintiff, in the discharge of his duty, endeavored to "kick" a portion of the log upon the log deck, but as the log was not cut in two the entire log was "kicked," and the part not intended to be "kicked" caught in the log carriage and injured plaintiff, though he did all he could to escape injury.    This was the first log not cut in two by the saw while plaintiff was running

it.   The plaintiff though an adult was inexperienced in the use of the machinery and did not know of the failure of the saw to cut the logs in two under certain conditions.   It was the duty of the defendant master to notify the plaintiff servant of the dangers in the use of the machinery and appliances and of the failure of the saw to cut some of the logs in two, so that the "kicker" would not be applied to any portion of a log not cut in two.   The position of the plaintiff in the discharge of his duty was such that he could not see that the saw had not cut the log in two as he supposed it had done while he pressed the lever for that purpose.   Plaintiff's duty required him to "kick" the log when cut on to the log deck, and supposing the log had been cut in two he attempted to "kick" one part of the log and the whole log was moved.   The portion not intended to be moved caught in the moving log carriage and injured the plaintiff.   If the plaintiff had known of the failure of the saw to cut some of the logs he might have contemplated the attending dangers and declined the work, or he might have stopped the work each time till sure the log was cut in two.   The duty of the master to inform the servant of the failure of the saw to cut some of the logs was the more imperative because from the position the plaintiff was required to occupy in his work he could not see whether the log was cut in two by the saw or not.   There is evidence from which it could be inferred that in ordinary natural continuous sequence the failure of the defendant to inform the plaintiff that the saw would not cut all the logs was a proximate and efficient cause of the injury to the plaintiff who does not appear to have proximately contributed to the injury.

   Under these circumstances it cannot be said the evidence did not tend to prove the issue of injury to the plaintiff as a proximate result of the negligence of the

defendant in not advising the plaintiff that the saw sometimes did not cut the log in two. The question of negligence and its proximate results being questions peculiarly within the province of the jury to determine, there was at least sufficient evidence to justify the trial judge in refusing to direct a verdict for the defendant.

In undertaking the employment, the plaintiff assumed the risks incident thereto that he knew of or could have foreseen by reason of his knowledge of the machinery or its operation or use. But the plaintiff did not assume risks of which he did not know and that could not have been foreseen from his knowledge of the machinery and its use. He had seen the machinery in use by others, but had not used it himself, and when he was asked to use the machinery, he said he would try, showing his doubt as to his ability to do so because of lack of knowledge of the use and of the risks. Under these circumstances, the defendant or its representative who offered the employment, in the discharge of a duty to the servant, should have notified the servant, plaintiff here, that in some cases the saw would not cut the logs in two, since, from the position of the plaintiff in performing the task assigned to him, he could not see whether the logs were cut in two or not. Even if the machinery were not defective, if the plaintiff did not know of the risks and dangers incident to its use, it was the duty of the defendant to inform the plaintiff of the risks and dangers when the employment was offered and accepted under the circumstances in evidence.

Proof of the plaintiff's case is not conclusive, but the evidence tends to prove the cause of action alleged, and the liability of the defendant may reasonably be inferred from the evidence; therefore, the court properly refused to direct a verdict for the defendant under the rule so well established and so often applied in this state.

This disposes of the assignments of error that are argued.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.