GERMAN - AMERICAN LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. C. P. HANNAH BY NEXT FRIEND, *Defendant in Error*.

1. A verdict should be set aside when it clearly appears to be contrary to law.

2. Where contributory negligence prevents recovery, and it clearly appears from the evidence that the negligence of the plaintiff so contributed proximately to the injury complained of that it would not have occurred but for the plaintiff's negligence, a verdict awarding damages should be set aside.

3. Where contributory negligence is a complete defense, a minor may be guilty of such contributory negligence as will bar a recovery by him where his age, intelligence and experience, and the surrounding circumstances render him capable of appreciating and avoiding obvious dangers.

4. At common law a plaintiff could not recover for injuries to himself caused by the negligence of another if he in any appreciable way contributed to the proximate cause of the injury, upon the theory that there is no apportionment of the results of mutual negligence.

5. It is the duty of the master to use due diligence in providing a reasonably safe place for the servant to work in, and also to inform the servant of any dangers in the employment that are not of such a character that the servant should know of them, and to warn young and inexperienced employees of dangers in their employment as to which they have no knowledge or appreciation.

6. If a servant fails to exercise ordinary care for his safety, he cannot in general recover damages for an injury.

7. Where dangers are obvious and the servant is capable of appreciating them a warning as to such dangers by the master is unnecessary.

8.  Where an employee nineteen years of age, of at least ordinary intelligence and experience and accustomed to working in a sawmill needlessly subjects himself to an obvious danger, he cannot recover for injuries to himself that apparently would not have occurred but for his own lack of ordinary care for his safety.

This case was decided by Division A.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*John C. Avery,* for Plaintiff in Error;

*Reeves & Watson,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment awarding damages for personal injuries sustained by Hannah while working in the lumber company's saw mill. The plaintiff was assisting in repair work about the mill and was told by the man with whom he worked, alleged to be "his superior workman", to ask Mr. Thomas who was in charge of the work for a babbit ladle to be used in the repairing being done. Plaintiff asked Mr. Stokes, the foreman of the mill, for Mr. Thomas, and was told where he could be found. While looking for Mr. Thomas the plaintiff went up a ladder and in going along a board about ten inches wide used by the oilers and millwrights in their duties, passed over a rapidly revolving shaft. In returning the same way the plaintiff's pants caught in a set screw that projected 5/16 or 1/2 of an inch out from a safety collar on the revolving shaft, and the plaintiff was seriously injured.

The negligence of the defendant as alleged is that it

"negligently suffered said set screw to project above the surface of said collar aforesaid; and through said superior workman negligently directed the plaintiff to seek and find said ladle, and to make inquiries for same of persons in the lower part of said mill, without giving him any warning whatever as to the unsafe and dangerous condition of said set screw." Pleas of not guilty and of the plaintiff's sole and contributory negligence were filed. The question to be determined is whether the plaintiff so contributed to the proximate cause of the injury as to preclude a recovery by him.

A verdict should be set aside when it clearly appears to be contrary to law. Where contributory negligence prevents recovery, and it clearly appears from the evidence that the negligence of the plaintiff so contributed proximately to the injury complained of that it would not have occurred but for the plaintiff's negligence, a verdict awarding damages should be set aside. Where contributory negligence is a complete defense, a minor may be guilty of such contributory negligence as will bar a recovery by him where his age, intelligence and experience, and the surrounding circumstances render him capable of appreciating and avoiding obvious dangers.

At common law a plaintiff could not recover for injuries to himself caused by the negligence of another if he in any appreciable way contributed to the proximate cause of the injury, upon the theory that there is no apportionment of the results of mutual negligence. Where both plaintiff and defendant are at fault the law does not in general interfere. The common law rule that there can be no recovery by those guilty of contributory negligence has not been changed by statute in this state except in certain cases of injuries by the operation of railroads. Stearns & Culver Lumber Co. v. Fowler, 58 Fla., 362, 50 South. Rep., 680;

Atlantic Coast Line R. Co. v. McCormick, 59 Fla., 121, 52 South. Rep., 712; Florida R. Co. v. Dorsey, 59 Fla., 260, 52 South. Rep., 963.

It is the duty of the master to use due diligence in providing a reasonably safe place for the servant to work in, and also to inform the servant of any dangers in the employment that are not of such a character that the servant should know of them, and to warn young and inexperienced employees of dangers in their employment as to which they have no knowledge or appreciation. A failure in the performance of these duties renders the master liable in damages for injuries proximately resulting from such breach of duty, where the servant has not so contributed appreciably and proximately to his own injury as to be guilty of contributory negligence. James v. Rapides Lumber Co., 50 La., Ann. 717, 23 South. Rep., 469, 44 L. R. A. 33, and notes; 10 Current Law 731; Bare v. Crane Creek Coal & Coke Co., 61 West Va., 28, 55 S. E. Rep., 907, 8 L. R. A. (N. S.) 284 and notes; Burnside v. Peterson, 43 Colo., 382, 96 Pac. Rep., 256, 17 L. R. A. (N. S.) 76; Bertha Zinc Co. v. Martin's Adm'r, 93 Va., 791, 22 S. E. Rep., 869; Camp v. Hall, 39 Fla., 535, 22 South. Rep., 792. If a servant fails to exercise ordinary care for his safety he cannot in general recover damages for an injury. Green v. Sansom, 41 Fla., 94, 25 South. Rep., 332.

Where dangers are obvious and the servant is capable of appreciating them a warning as to such dangers by the master is unnecessary. 10 Current Law 753. Whether warning is necessary depends upon the age, capacity, intelligence and experience of the employee as well as upon the nature of the danger and the surrounding conditions and circumstances. Davis v. Augusta Factory, 92 Ga., 712, 18 S. E. Rep., 974; Ryan v. Armour, 166 Ill.,

568, 47 N. E. Rep., 60; Mackin v. Alaska Refrigerator Co., 100 Mich., 276, 58 N. W. Rep., 999; Williams v. Churchill, 137 Mass., 243; Bollington v. Louisville & N. R. Co., 125 Ky. 186, 100 S. W. Rep., 850; Noden v. Verlenden Bros., 211 Pa. St., 135, 60 Atl. Rep., 505, 3 Ann. Cas. 367 and notes; Mundhenke v. Oregon City Mfg Co., 47 Oregon 127, 81 Pac. Rep., 977, 1 L. R. A. (N. S.) 278, and notes; German-American Lumber Co. v. Brock, 55 Fla., 577, 46 South. Rep. 740. These principles are not questioned, but difficulty frequently arises in applying them to the facts of particular cases.

In this case the plaintiff was nineteen years of age and of at least ordinary intelligence. He had worked about the mill for more than nine months usually assisting in repair work, and had worked all over the mill. The order given him was to get the ladle and to ask Mr. Thomas for it. He was told by the foreman where he could find Mr. Thomas, but he was not told to go any particular way to find him. He was not warned of the danger in the project-ing set screw in the rapidly revolving shaft, but he was not told to go by or over the shaft to find Mr. Thomas and it was not necessary for him to do so in the discharge of his duty. It appears that the foreman simply answered plain-tiff's question as to where he could find Mr. Thomas and that there was at least one other ordinarily used way of going to the place where Mr. Thomas was supposed to be that could have been safely used. The plaintiff was evidently familiar at least in a general way with the machinery of the mill though he had not been at that point before. He was of a somewhat mature age and had had other experience in such mills. It is clear that the place where the injury occurred was intended for and used by only those engaged in using or repairing the machinery, and was not the usual means of passage from one part of

the mill to the other. In taking this course and in passing over the rapidly revolving shaft the taking of risks and the existence of real dangers must have been obvious to the plaintiff even though he had not been warned as to the dangers of the place and could not have seen the projecting set screw in the shaft. In going that way he subjected himself to risks and dangers that were not warranted by the orders given him or by the general nature of his employment. Even if it be conceded that the lumber company had failed to do its full duty as to furnishing a safe place for its employees, this employee was not required to be in that place. In being there and in unnecessarily passing within 5/16 or 1/2 of an inch of a rapidly revolving shaft which was dangerous even without the projecting set screw on it, the plaintiff so contributed to the proximate cause of the injury to himself that he cannot on the evidence here presented recover damages. Apparently his injury would not have occurred if he had not needlessly gone into the dangerous place and actually allowed his clothing to come in close proximity to an object that was patently dangerous. His age, experience, intelligence and instincts of self-preservation and the surrounding circumstances should reasonably have kept him from this needless exposure to an obvious danger, and he cannot recover compensation for injuries to which he so directly and needlessly contributed. The facts here are quite unlike the cases of Camp v. Hall, 39 Fla., 535, 22 South. Rep., 792, and German-American Lumber Co. v. Brock, 55 Fla., 577, 46 South. Rep., 740. It is not a case of using one of several usual means for discharging a duty as in Florida East Coast Ry. Co. v. Lassiter, 59 Fla., 246, 50 South. Rep., 428. But it is a case of the use of an obviously dangerous means when safe means were available to him as in M. & O. R. Co. v. George, 94 Ala., 199, 10 South. Rep., 145.

It is clear from the evidence as a whole that the defense of contributory negligence was established and the verdict should have been for the defendant on the case as here made.

The judgment is reversed and a new trial awarded.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.